8436

### TOWN OF HARTSVILLE v. MUNGER.

Liquors—Guilt.—The evidence here warrants a conviction for transporting intoxicating liquors for unlawful use. False and conflicting statements and attempts to run away are some evidence of guilty knowledge or intent.

Before Spain, J., Darlington, December, 1912. Affirmed.

Indictment by Town of Hartsville against Dan Munger. From Circuit order affirming judgment of mayor, defendant appeals.

*Mr. Geo. W. Brown,* for appellant.

*Mr. L. M. Lawson,* contra.

February 15, 1913.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   The following statement is taken from the case: "This is a criminal prosecution for the transportation of intoxicating liquor for unlawful use in the town of Hartsville on December 4, 1911.   The defendant was tried by the mayor without a jury and without counsel on said day and was convicted and sentenced to pay a fine of one hundred dollars or serve thirty days on the chain gang, from which sentence the defendant appealed to the Court of General Sessions, which Court affirmed the judgment of the mayor's court, and from the judgment of the Court of General Sessions the defendant appeals to this Court."

The only exception is as follows: "That there was no testimony to sustain the judgment of the Court of Sessions."

There was testimony that the appellant and one, Milton Rogers, came from Florence, where there is a dispensary. That Rogers was arrested on the street in Hartsville having in his possession a suit case in which there was a jug, two quarts, one pint and one half-pint of whiskey.   While Rogers was under arrest, Munger came up and was himself arrested.   He at first denied all knowledge of the ownership of the suit case and its contents.   Afterwards Munger claimed to own the suit case and a part of its contents. That Munger told Rogers to take the stuff and try to get away.   He himself tried to get away.   Afterwards the

appellant stated that he had the whiskey for his own use and the use of his family as a remedy for typhoid fever.

False and conflicting statements and attempts to run away have always been regarded as some evidence of guilty knowledge and intent.

This Court can not say there was no evidence to sustain the judgment and it is affirmed.