21321

The STATE, Respondent, v. Nathaniel Thomas GRANT, Appellant.
(272 S. E. (2d) 169)

*Staff Atty. Vance J. Bettis,* of *S. C. Comm. of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. Capers G. Barr, III,* and *Asst. Sol. Francis X. McCann,* Charleston, *for respondent.*

November 10, 1980.

LITTLEJOHN, Justice:

The defendant, Nathaniel Thomas Grant, was convicted by a jury of robbing a citizen in a parking lot at Charleston. He appeals.

The person who committed the act fled the scene. The victim of the robbery gave a description of the perpetrator of the offense and police officers went to a house in the general vicinity in quest of the culprit. The defendant, who was at the house, saw the officers coming, slammed the door and ran out the back. He was apprehended and subsequently indicted.

After all of the evidence had been submitted, the solicitor requested that the judge charge the jury that: ... . . flight can be taken by the jury as evidence of guilt or knowledge. . . ."

The judge indicated that he would grant the request. Counsel for the defendant objected to the terminology which the judge had indicated he would use. Thereupon, the judge invited counsel for the defendant to prepare a suggested charge while the court recessed overnight. Next morning, instead of presenting a request to charge, defense counsel stated: ". . . we would like to place on the record our objection to that instruction and why." Thereafter, the judge charged the jury as follows:

"In this case the State has claimed flight. Attempts to run away have always been regarded as some evidence of guilty knowledge and intent. Again proof must be beyond a reasonable doubt. . . ."

There was no indication as to whether the judge was referring to flight from the scene of the robbery or flight from the police at the house, or both.

After his charge was completed, the judge invited counsel, as required by § 15-27-100, *Code of Laws of South Carolina* (1976), to except to charges already made, or request additional charges. Counsel for the defendant interposed no exceptions or additional requests.

Counsel for the defendant now takes the position that the charge given was erroneous and prejudicial. Counsel for the State takes the position that the charge was correct and, even if it was not correct, defense counsel waived her objection by failing to object at the end of the charge. While there is imposed upon counsel for a litigant the duty to assist the judge in his charge by pointing out alleged errors, this court has held in *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639 (1956), that objection need not be interposed if earlier in the proceedings the judge had a fair opportunity to pass upon the issue. This court said:

"But where a contested issue of law has been argued during the course of the trial and ruled upon by the trial judge,

the statute does not require objection to be made, at the conclusion of his charge, to that portion of it dealing with the same issue in accordance with his previous ruling."

A review of the colloquy between the judge and counsel convinces us that the position of each was made well known prior to the commencement of the charge. We do not think that any further objection was required under these facts in order to preserve the rights of the defendant.

A charge on flight has been generally approved, or at least tolerated, in most of the jurisdictions. There is little law in this state. In *Town of Hartsville v. Munger*, 93 S. C. 527, 77 S. E. 219 (1913)), this court stated:

"False and conflicting statements *and attempts to run away have always been regarded as some evidence of guilty knowledge and intent.*" (Emphasis added.)

It will be observed that the language used by Justice Fraser in that case is *verbatim* with the language used here by the trial judge. The impression is sometimes gained that any language from an appellate court opinion is appropriate for a charge to any jury, but this is not always true. Oftentimes a sentence, or sentences, taken from an appellate opinion must be supplemented by additional relevant statements of the law because of the particular factual situation. Here, we think that the naked statement standing alone, though lifted from the opinion, was erroneous.

While an instruction on flight has been acceptable law for some time in most jurisdictions, we are inclined to think that henceforth it is more appropriate for the judge to decline any charge whatsoever on this issue. We agree with the Court of Appeals of Washington State when it ruled in *State v. Jefferson*, 11 Wash. App. 566, 524 P. (2d) 248 (1974), relative to the law of flight:

"But neither was it required as a proper function of instructing the jury on the applicable principles of law. Instructions

of this ilk, though time honored, should be discarded. At best, they merely sanction the use of circumstantial evidence. At worst, they place undue emphasis upon that evidence. Instructions on circumstantial evidence should be expressed in the abstract. We also agree with the District of Columbia Circuit Court of Appeals that

'evidence of flight tends to be only marginally probative as to the ultimate issue of guilt or innocence. The interest of justice is perhaps best served if this matter is reserved for counsel's argument, with little if any comment by the bench.' "

There is a recent tendency in other courts to follow the rationale of this opinion. *State v. Humboldt,* 1 Kan. App. (2d) 137, 562 P. (2d) 123 (1977); *United States v. Telfaire,* 469 F. (2d) 552 (D. C. Cir. 1972); *United States v. Robinson,* 475 F. (2d) 376 (D. C. Cir. 1973).

The Supreme Court of Idaho, in *State v. Wrenn,* 99 Idaho 506, 584 P. (2d) 1231 (1978), frowned vigorously upon the charge, holding:

"The issue of the propriety of a 'flight' instruction is one of first impression in Idaho. We are of the opinion that because of the debatable significance of flight as evidence of guilt, an instruction on flight should not ordinarily be given. It should be left to argument to the jury by the parties, unless the trial judge because of the peculiar facts in the particular case feels it is essential to the jury's deliberations."

The charge on flight oftentimes has the potential for creating more problems than solutions. While we no longer sanction this charge by the judge, we recognize that evidence of flight remains proper. We also recognize that it is oftentimes appropriate for counsel to argue to the jury the inferences growing out of flight. However, we believe that the "law of flight" in a judge's charge places undue emphasis upon that part of circumstantial evidence and it should not be charged hereafter.

Exception has also been taken to the judge's refusal to ask each juror on *Voir Dire* the following question: "Have any of your close friends or relatives been victims of a crime in the last three years?" In the judge's ruling on this point we find no error.

A new trial is granted and the case is remanded.

Reversed and remanded.

LEWIS, C. J., and GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I dissent, believing that the trial judge's charge on flight was proper, and I would affirm.