577 S.E.2d 215

**The STATE, Respondent,**

v.

**Wesley FLOYD and John New, Appellants.**

**No. 25593.**

Supreme Court of South Carolina.

Heard Jan. 7, 2003.
Decided Feb. 10, 2003.

56

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for appellants.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Cecil Kelley Jackson, of Sumter, for respondent.

Justice PLEICONES:

Appellants were jointly tried and convicted of two counts of taking a hostage and one count of carrying a weapon while an

inmate. Each received two consecutive sentences of life without the possibility of parole for the hostage-takings, and a consecutive ten-year sentence for the weapons offense. On appeal,[1] appellants contend the trial court erred in dismissing a juror who had indicated he would not take a religious oath. We agree, and reverse and remand.

## FACTS

Following jury selection, the trial judge announced that he had been informed that one of the jurors selected (Juror 126) told court personnel that he thought there were "some constitutional problems about having to swear."

Juror 126 was brought into the courtroom. The trial judge had the clerk of court read the oath that she administers to jurors to Juror 126:

> You shall well and truly try the issues joined in the case and a true verdict give according to the evidence so help you God.

Juror 126 stated he had trouble with the phrase "so help you God" because he was not religious, and because he thought it violated the constitutional requirement of separation of church and state. The judge asked Juror 126 if he would have trouble taking the oath. The juror responded by asking whether he had an "alternative to doing that?" The judge answered, "Well, if you sit on the jury, you have to take that oath." Juror 126 then said, "I'm not comfortable with that."

Juror 126 was excused from the courtroom, and the judge ruled:

> And our South Carolina Supreme Court has said that before you can be a juror, our law says before you can be a juror, you've got to take that oath and that is the bottom line. Before you do anything else, that's the bottom line. He's got to be able to take that oath. And if we come in here first thing tomorrow and she starts giving the oath and he says he is not going to take it, I have no choice but to eliminate him as a juror.

---

1. Appellants' appeals were consolidated for oral argument because they raised two identical issues. At oral argument, their attorney conceded the second issue.

When court resumed the next day, the trial judge excused Juror 126 and replaced him with an alternate juror. Appellants' attorneys' objections to the juror's removal were overruled.

## ISSUE

Whether the trial judge erred in dismissing a juror who was unwilling to take a religious oath?

## ANALYSIS

 The State concedes that South Carolina cannot, consonant with the federal constitution, condition juror service upon the taking of a religious oath.[2] *See* 47 Am.Jur.2d Jury § 177 (1995). In fact, South Carolina law specifically permits a juror to make an affirmation rather than swear an oath. S.C.Code Ann. § 14–7–1130 (Supp.2002).[3] The trial judge erred in holding that jurors were required to take the oath used by the clerk of court,[4] and in dismissing Juror 126.

 The dismissal of Juror 126 constituted a violation of the juror's constitutional rights. *Cf., Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (Equal Protection violated where peremptory challenges exercised in a racially discriminatory manner); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) (gender discrimination in exercise of peremptories is Equal Protection violation); *State v. Adams*, 322 S.C. 114, 470 S.E.2d 366 (1996) (when a trial judge erroneously upholds a discrimi-

---

2. Some state constitutions explicitly proscribe religious qualifications for juror service. *See e.g.*, Ariz. Const. art. 2, § 12; Cal. Const. art. I, § 4; Mo. Const. art. I, § 5; N.M. Const. art. VII, § 3; N.C. Const. art. I, § 28; N.D. Const. art. I, § 3; Or. Const. art. I, § 6; Tenn. Const. art. I, §

6; Utah Const. art. 1, § 4; Wash. Const. art. I, § 11; W.Va. Const. art. 3, § 11; Wyo. Const. art. 1, § 18.

3. An affirmation in lieu of an oath has been permitted in South Carolina courts since at least 1731. *See* 1731 Act No. 522, § 28, reported in Statutes of South Carolina, vol. III, p. 281 (1838).

4. The oath used here is a variation on the oath contained in Form 3, the "Uniform Juror Information Pamphlet," promulgated pursuant to Rule 84, SCRCP.

natory juror strike, the juror's Fourteenth Amendment equal protection rights have been violated). Further, Juror 126 was erroneously removed over appellants' objections. Appellants may therefore appeal this violation of their right to a fair and impartial jury.[5] *Id.*

## CONCLUSION

Appellants were denied a fair and impartial jury when the trial judge erroneously excused a juror who objected to taking a religious oath. Accordingly, their convictions and sentences are reversed, and the cases remanded.

REVERSED AND REMANDED.

TOAL, C.J., MOORE, WALLER, and BURNETT, JJ., concur.

---

**5.** Juror 126 was improperly removed from appellants' jury because of his religious beliefs. Where the jury that tries the complaining party is affected by this type of constitutional error, the line of cases which hold a defendant is entitled only to a fair and impartial jury but has no right to trial by a particular jury, do not apply. *See State v. Adams, supra.*