THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Robert Seifer, Appellant.
 
 
 

Appeal From Beaufort County
Thomas W. Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2011-UP-168
Heard March 9, 2011  Filed April 18, 2011   

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Salley W. Elliott, Assistant Attorney
 General Mark R. Farthing, all of Columbia; Solicitor Issac McDuffie Stone, III,  and Assistant Solicitor Alec Robinson, both of Beaufort, for
 Respondent.
 
 
 

PER CURIAM: Robert Seifer appeals his conviction for criminal sexual conduct in the second degree arguing that the trial court erred in (1) admitting
evidence of alleged prior sexual abuse and (2) unduly emphasizing section 16-3-657 of South Carolina Code (2003) in response to a question from the jury during
deliberation.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authority:   
1.  As to whether the trial court erred in admitting evidence that Seifer previously sexually abused the victim, the issue is not preserved.  Seifer
made no objection to the evidence when it was offered at trial.  See State v. Simpson, 325 S.C. 37, 42, 479 S.E.2d 57, 60 (1996)
(holding that a ruling in limine is not a final ruling on the admissibility of evidence; thus an issue is not preserved for appellate review unless an objection
is made at the time the evidence is offered).  Further, the trial did not indicate that the in limine ruling was intended to be final.  See State
v. Wiles, 383 S.C. 151, 156-57, 679 S.E.2d 172, 175 (2009) (holding that a renewal to an objection to the admission of evidence made in limine is not
required when there is "clearly a final ruling").
2.  As to whether the trial court unduly emphasized section 16-3-657 in answering the jury's question, we find that it did not: State v. Rayfield,
369 S.C. 106, 117-18, 631 S.E.2d 244, 250 (2006) ("A trial judge is not required to charge § 16-3-657, but when the judge chooses to do so, giving the
charge does not constitute reversible error when this single charge is not unduly emphasized and the charge as a whole comports with the law.").
AFFIRMED.
FEW, CJ., THOMAS, and KONDUROS, JJ., concur.