**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State,                                        Respondent,

v.

Charles Richard Bagley, III,            Appellant.

————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

————

Unpublished Opinion No. 2012-UP-446
Submitted June 1, 2012 – Filed July 18, 2012

————

**AFFIRMED**

————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M.

Coombs, Jr., all of Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.


**PER CURIAM:** Charles Richard Bagley, III appeals his convictions of two counts of first-degree criminal sexual conduct with a minor, lewd act upon a child, and dissemination of harmful material to a minor. Bagley argues the circuit court erred in (1) overruling his objection to one of the State's questions and (2) charging the jury that the testimony of a victim of criminal sexual conduct need not be corroborated. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.      As to whether the circuit court erred in overruling Bagley's objection to the State's question about Bagley's sexual relationships: <u>State v. White</u>, 371 S.C. 439, 445, 639 S.E.2d 160, 163 (Ct. App. 2006) ("Because a [circuit] court's curative instruction is considered to cure any error regarding improper testimony, a party must contemporaneously object to a curative instruction as insufficient or move for a mistrial to preserve an issue for review." (internal quotation marks omitted)).

2.      As to whether the circuit court erred in charging the jury that the testimony of a victim of criminal sexual conduct need not be corroborated: <u>State v. Rayfield</u>, 369 S.C. 106, 117-18, 631 S.E.2d 244, 250 (2006) ("A [circuit court] is not required to charge § 16-3-657, but when the [court] chooses to do so, giving the charge does not constitute reversible error when this single instruction is not unduly emphasized and the charge as a whole comports with the law.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.