**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Melvin Presley Stukes, Appellant.

Appellate Case No. 2012-212628

―――――――――

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-014
Submitted November 1, 2014 – Filed January 14, 2015

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Mary Shannon Williams, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009) ("A

trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Rayfield*, 369 S.C. 106, 117-18, 631 S.E.2d 244, 250 (2006) ("A trial [court] is not required to charge [section 16-3-657 of the South Carolina Code (2003)], but when the [trial court] chooses to do so, giving the charge does not constitute reversible error when this single instruction is not unduly emphasized and the charge as a whole comports with the law."); *State v. Hill*, 394 S.C. 280, 297-300, 715 S.E.2d 368, 378-79 (Ct. App. 2011) (holding it was not reversible error for the trial court to give the "no corroboration" jury instruction from section 16-3-657 when the instruction was not unduly emphasized and the jury charge as a whole comported with the law).

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.