**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terrell Freeman, Appellant.

Appellate Case No. 2018-000851

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2021-UP-028
Submitted January 1, 2021 – Filed January 27, 2021

**AFFIRMED**

Appellate Defender Taylor Davis Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

**PER CURIAM:** Terrell Freeman appeals his conviction for grand larceny and sentence of five years' imprisonment. On appeal, Freeman argues the trial court

erred when it refused to charge the jury that "flight alone is not substantial circumstantial evidence." He asserts the State's case was largely circumstantial, and he requested the jury instruction to ensure the State met its burden in offering substantial circumstantial evidence.

The trial court did not err in refusing to charge the jury as requested because it would have been an impermissible comment on the facts of the case. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mattison*, 388 S.C. 469, 478, 697 S.E.2d 578, 583 (2010) (holding when reviewing jury charges for error, the appellate court must consider the trial court's jury charge as a whole in light of the evidence and issues presented at trial); *State v. Taylor*, 356 S.C. 227, 231, 589 S.E.2d 1, 3 (2003) (finding a trial court is required to charge the jury on the current and correct South Carolina law applicable to the case based on the evidence presented); *State v. Grant*, 275 S.C. 404, 408, 272 S.E.2d 169, 171 (1980) (stating "we no longer sanction [an evidence of flight] charge by the [court] . . . [and] believe that the 'law of flight' in a [court's] charge places undue emphasis upon that part of circumstantial evidence and it should not be charged hereafter"); *id.* ("The interest of justice is perhaps best served if this matter is reserved for counsel's argument, with little if any comment by the bench." (quoting *State v. Jefferson*, 524 P.2d 248, 251 (Wash. Ct. App. 1974))).

**AFFIRMED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.