708 S.E.2d 227

**The STATE, Respondent,**

v.

**Juan OROZCO, Appellant.**

**No. 4798.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2011.

Decided March 2, 2011.

Rehearing Denied April 21, 2011.

214

---

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General William M. Blitch, Jr., of Columbia, James Strom Thurmond, Jr., of Aiken, for Respondent.

HUFF, J.

Appellant, Juan Orozco, was convicted of two counts of first-degree criminal sexual conduct (CSC) with a minor and two counts of lewd act upon a child and was sentenced to concurrent terms of twenty years, suspended upon service of fifteen years for the CSC charges, and fifteen years on the lewd act

charges. Orozco appeals, asserting the trial judge erred in (1) admitting testimony regarding Orozco's suicide attempt and (2) charging the jury that testimony of a child witness need not be corroborated. We affirm.[1]

## FACTUAL/PROCEDURAL HISTORY

Orozco was accused of sexually abusing two of his nieces, who are cousins. The girls, who were minors, both testified as to Orozco's sexual misconduct. Testimony shows the younger child, who was four or five years old at the time of the incidents, made the allegations to an adult on June 21, 2006. The following day, June 22, 2006, the younger child's mother, Suzie, filed a report with the sheriff's department. On that same day, Suzie also notified her older sister, Ann, of the younger child's allegations against their brother-in-law. Following this conversation between Suzie and Ann, Ann went to speak with their sister Janet, Orozco's wife, before noon on June 22, 2006, and informed Janet of the allegations made by the younger child. Ann testified she did not know what was going to happen after Suzie filed the report and she wanted to let Janet know about the allegations against her husband.

Within a few days of the allegations made by her niece, Ann contacted her minor daughter in Indiana where the older child was vacationing with another of Ann, Suzie and Janet's sisters. The older child, who was eight or nine at the time she used to visit in Orozco's home, thereafter disclosed incidents of sexual abuse committed by Orozco upon her.

The State made a pretrial motion to admit evidence of Orozco's suicide attempt asserting, although there was no South Carolina law addressing the issue, the courts of most states allow such evidence. Defense counsel acknowledged that a lot of states do equate a suicide attempt with flight, and while South Carolina does allow evidence of flight, there was no South Carolina law equating the two. Further, defense counsel argued there was no direct evidence Orozco was aware of the allegations and therefore attempted suicide to evade the charges. Counsel maintained the suicide note indicated only that Orozco expressed he did not want to go to prison because

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

"somebody lied on him," and this was the only evidence that Orozco knew of the charges, but the State did not intend to introduce the suicide note. Counsel thus argued the suicide attempt was not from a guilty conscience, but from lack of faith in the judicial system. He argued the prejudice from admitting the suicide attempt evidence outweighed the probative value and would also confuse the jury. The solicitor indicated she did not intend to admit the suicide note because she believed it was hearsay, it was not an admission against Orozco's interests, and it was "more in [Orozco's] own favor." The solicitor contended that there was circumstantial evidence that Orozco was aware of the allegations inasmuch as there was evidence the mother of one of the victims told Orozco's wife the morning of the suicide attempt that the younger child had made the allegation of sexual abuse, and Orozco's wife was present when EMS and the sheriff's department arrived at the suicide attempt call. The trial judge determined the suicide attempt evidence was admissible, noting that such evidence was admissible in other states, and evidence of flight is admissible in South Carolina. The judge further informed trial counsel that the defense needed to make a decision about the suicide note, and that the court would be inclined to admit the note based on this ruling.

Thereafter, over Orozco's objection, the State presented evidence that at 2:01 p.m. on the afternoon of June 22, 2006, officers were dispatched to the Orozco residence in reference to a suicide attempt. Sheriff's Deputy Tom Gray testified when he arrived at the home, he found Orozco being treated by emergency medical personnel for taking rodent poison. Deputy Gray also found a box of rodent poison and a purported suicide note written in Spanish. Orozco's wife Janet, who was also the complainant,[2] was also present at the scene.

During a discussion regarding jury charges, Orozco objected to inclusion of a charge that no corroboration of the testimony of the two children was needed, maintaining such was an impermissible comment on the facts. The trial judge determined the charge was South Carolina law, and determined he would charge the pertinent statute as written. Thereafter,

---

2. In referring to "the complainant," it appears Deputy Gray was indicating Janet placed the 911 call reporting the attempted suicide.

the trial court included in the jury instruction a charge pursuant to section 16–3–657 of the South Carolina Code that, "in South Carolina the testimony of a victim need not be corroborated for prosecution in a criminal sexual conduct case." This was the extent of the charge given regarding corroboration.

## ISSUES

1. Whether the trial judge erred in admitting testimony regarding Orozco's suicide attempt.

2. Whether the trial judge erred in charging the jury that the testimony of the child witnesses did not need to be corroborated.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Wilson*, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). The admission or exclusion of testimonial evidence falls within the sound discretion of the trial judge, whose decision will not be disturbed on appeal absent an abuse of that discretion, resulting in prejudice. *State v. Holder*, 382 S.C. 278, 288, 676 S.E.2d 690, 696 (2009). "A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied." *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009).

## LAW/ANALYSIS

### I. Evidence of Suicide Attempt

On appeal, Orozco asserts the trial court erred in admitting evidence of his suicide attempt. He argues there is no South Carolina authority supporting the admission of a suicide attempt as evidence of consciousness of guilt, and though South Carolina law has held evidence of flight constitutes evidence of guilty knowledge and intent, our courts require proof an accused is aware of the charges before evidence of flight becomes relevant and admissible. Orozco contends the prejudicial effect of introducing evidence of his suicide attempt outweighed any probative value, as the evidence of his suicide

218

attempt would only become relevant and admissible upon the State's establishing that he was aware of the charges against him at the time of the suicide attempt. He maintains, because the State failed to present the critical proof that he was aware of the charges at the time of his suicide attempt, the evidence was irrelevant and prejudicial and should have been excluded pursuant to Rule 403, SCRE.

Generally, all relevant evidence is admissible. Rule 402, SCRE; *State v. Pittman,* 373 S.C. 527, 578, 647 S.E.2d 144, 170 (2007). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. Relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403, SCRE; *Pittman,* 373 S.C. at 578, 647 S.E.2d at 170. Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one. *State v. Cheeseboro,* 346 S.C. 526, 547, 552 S.E.2d 300, 311 (2001). An appellate court reviews 403 rulings, balancing whether the probative value of evidence was substantially outweighed by its prejudicial effect, pursuant to the abuse of discretion standard, and gives great deference to the trial court's decision. *State v. Myers,* 359 S.C. 40, 48, 596 S.E.2d 488, 492 (2004).

Whether evidence of attempted suicide is probative of the accused's consciousness of guilt is an issue of first impression in South Carolina. The question, however, is easily analogized to other types of circumstantial evidence of guilt based on the accused's behavior after the crime. First, our courts have held that, as a general rule, any guilty act or conduct on the part of the accused is admissible as some evidence of consciousness of guilt. *State v. McDowell,* 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976). Further, it has long been the rule in South Carolina that evidence of witness intimidation and evidence of attempted flight are probative of the accused's consciousness of guilt. *See State v. Edwards,* 383 S.C. 66, 72, 678 S.E.2d 405, 408 (2009) (holding witness intimidation evidence, if linked to the defendant, may be admitted to show a consciousness of guilt), *see also State v. Walker,* 366 S.C. 643, 655, 623 S.E.2d 122, 128 (Ct.App.2005)

(holding "[u]nexplained flight is admissible as indicating consciousness of guilt, for it is not as likely that one who is blameless and conscious of that fact would flee"); *State v. Robinson*, 360 S.C. 187, 195, 600 S.E.2d 100, 104 (Ct.App.2004) (noting flight, when unexplained, is admissible as indicating consciousness of guilt). Additionally, courts of other jurisdictions, applying the same principle that deems evidence of flight by one accused of a crime as probative of consciousness of guilt, have frequently held admissible evidence that the accused, after the crime was committed, attempted to commit suicide. *See* 29 Am.Jur.2d *Evidence* § 547 (2008) ("The principle upon which evidence of flight of one accused of a crime is admitted is applicable to evidence that the accused, when in custody, and charged with a crime, attempts to take his or her own life and thereby escape further prosecution."); Dale Joseph Gilsinger, Annotation, *Admissibility of Evidence Relating to Accused's Attempt to Commit Suicide*, 73 A.L.R. 5th 615, 624 (1999) ("The principle on which evidence of flight by one accused of a crime is admissible is almost universally held to apply to evidence that the accused, after the crime was committed—such as at the time of arrest or while in custody for the crime for which they are being tried—attempted to commit suicide and thereby escape further prosecution."). Finally, the overwhelming majority of states considering this issue have determined that evidence of attempted suicide is generally admissible to establish consciousness of guilt. *See* 29 Am.Jur.2d *Evidence* § 547 ("Evidence of attempted suicide by a person who is, at the time of the attempt or thereafter, charged with or suspected of a crime, is relevant as possibly indicating consciousness of guilt and admissible at trial for that crime for whatever weight the jury chooses to assign."); Gilsinger, *supra* at 624. ("With a single exception, courts have unanimously held that an accused's attempt to commit suicide is probative of a consciousness of guilt and is therefore admissible."); 22A C.J.S. *Criminal* Law § 1011 (2006) ("Evidence is generally admissible that the accused attempted or threatened to commit suicide subsequent to the time the crime was committed. Such evidence ordinarily is admissible as indicating a consciousness of guilt."). Accordingly, we conclude that evidence of a suicide attempt is probative of a

defendant's consciousness of guilt and is generally admissible for whatever value the jury decides to give it.

Orozco argues, however, that evidence of his suicide attempt should not have been admitted because the State failed to show he was aware of the allegations made against him at the time of his attempt. He argues, as in the case of evidence of flight, proof that the accused is aware of the charges at the time of the conduct is necessary before the evidence can be relevant. He notes, in particular, his argument to the trial court that the suicide note was the only indication he was aware of the charges, and without the note there was insufficient evidence of his awareness.

In addressing the admission of evidence of flight, our courts have determined that "[f]light, when unexplained, is admissible as indicating consciousness of guilt, for it is not to be supposed that one who is innocent and conscious of that fact would flee." *State v. Crawford*, 362 S.C. 627, 635, 608 S.E.2d 886, 890 (Ct.App.2005). However, we have further noted that "[t]he critical factor to the admissibility of evidence of flight is whether the totality of the evidence creates an inference that the defendant had knowledge that he was being sought by the authorities." *Id.* at 636, 608 S.E.2d at 891. "Flight evidence is relevant when there is a nexus between the flight and the offense charged." *State v. Pagan*, 369 S.C. 201, 209, 631 S.E.2d 262, 266 (2006). "It is sufficient that circumstances justify an inference that the accused's actions were motivated as a result of his belief that police officers were aware of his wrongdoing and were seeking him for that purpose." *Crawford*, 362 S.C. at 636, 608 S.E.2d at 891. Where the circumstances fail to show the necessary nexus between a defendant's flight and the current offense for which he is on trial, the flight evidence is not relevant and should not be admitted. *See Pagan*, 369 S.C. at 209, 631 S.E.2d at 266 (holding flight evidence was not relevant where the evidence did not create an inference that defendant's alleged failure to stop for a blue light was motivated by his belief that the police were seeking him for his pending murder charge).

Here, the circumstances justify an inference that Orozco was aware of the sexual misconduct allegations against him by the younger child. Testimony shows that on June 22,

2006, the mother of the younger child informed the mother of the older child about the younger child's allegations against Orozco and that, sometime before noon that same day, the mother of the older child informed Orozco's wife of the disclosure by the younger child. Around 2:00 that afternoon, Deputy Gray responded to a dispatch for a suicide attempt at Orozco's home where he observed a box of rodent poison and a suicide note, found Orozco being treated for ingestion of the poison, and noticed Orozco's wife, the complainant, was at the scene. Thus, the totality of the evidence creates an inference that Orozco's actions in attempting suicide were motivated as a result of his belief that sexual misconduct allegations had been made against him. We therefore find the suicide attempt evidence was relevant. Further, we find no merit to Orozco's argument that the evidence was inadmissible pursuant to Rule 403, SCRE. Although Orozco summarily asserts he was prejudiced by the admission of this evidence, he fails to argue how he was prejudiced or why the prejudicial effect of the suicide attempt evidence outweighed its probative value. Accordingly, giving due deference to the trial court's ruling on this matter, we find no abuse of discretion. *Myers*, 359 S.C. at 48, 596 S.E.2d at 492.

## II. Charge on Corroboration

On appeal, Orozco asserts the trial judge committed reversible error in giving the charge on corroboration. He argues the instruction focused the attention of the jury on a particular class of witnesses, the victims, and indicated the testimony of those particular witnesses, apart from other witnesses, needed no corroboration. Because the trial judge failed to instruct that any other class of evidence need not be corroborated, he contends the instruction constituted an unconstitutional and impermissible charge on the facts and the credibility of the witnesses. Orozco further maintains the harm was not cured by the balance of the trial court's charge. While recognizing our supreme court has addressed this issue in *State v. Rayfield*, 369 S.C. 106, 631 S.E.2d 244 (2006) (hereinafter *Rayfield II* ) and found such a charge appropriate under the circumstances, Orozco points to the dissent in *Rayfield II* and the fact that the earlier decision in the seminal case of *State v. Schumpert*, 312 S.C. 502, 435 S.E.2d

859 (1993) relied upon an Indiana case that was later overruled by the Indiana court. He further argues, even under the decision of the majority in *Rayfield II*, the issuance of the instruction was unduly emphasized by the State in its closing argument and therefore was reversible error.

Section 16–3–657 of the South Carolina Code (2003) provides, "The testimony of the victim need not be corroborated in prosecutions under §§ 16–3–652 through 16–3–658." These criminal statutes, which generally encompass the prohibition of various forms and degrees of criminal sexual conduct, include criminal sexual misconduct with a minor for which Orozco was charged. S.C.Code Ann. § 16–3–655 (Supp.2010).

In *Rayfield II*, our supreme court, in a majority opinion, affirmed this court's opinion in *Rayfield I*,[3] finding no reversible error in the giving of a jury instruction on section 16–3–657. Rayfield asserted on appeal that the trial judge erred in charging section 16–3–657 to the jury because the charge constituted an impermissible comment on the facts of the case, it improperly emphasized the testimony of one witness, and it carried a strong possibility of unfairly biasing the jury against the defendant. *Rayfield II*, 369 S.C. at 115, 631 S.E.2d at 249.

In *Rayfield I*, this court found the challenged charge withstood appellate scrutiny in the *Schumpert* case. *Rayfield I*, 357 S.C. at 505, 593 S.E.2d at 491. We further determined there was no reversible error in the trial court's instruction to the jury regarding the corroboration of the victims' testimony in Rayfield's case, as the charge was consistent with *Schumpert*, noting the trial court: (1) properly instructed the jury that it was the sole finder of fact with the discretion to determine the credibility of the witnesses; (2) correctly charged our state's constitutional mandate prohibiting the court from commenting on the facts or having an opinion about the facts in the case; and (3) correctly charged the State's burden of proof. *Id.* We held, while a "section 16–3–657 charge is not mandatory, such charge does not constitute reversible error when the *Schumpert* safeguards are present." *Id.*

---

3. *State v. Rayfield,* 357 S.C. 497, 593 S.E.2d 486 (Ct.App.2004).

In *Rayfield II*, the supreme court noted the trial court charged the jury the State had the burden of proving Rayfield was guilty of the charged offenses beyond a reasonable doubt, and further instructed the jurors that they were the sole and exclusive judges of the facts of the case, that the trial court was prohibited from commenting on or having an opinion about the facts of a case, and they were responsible for assessing the credibility of the witnesses who testified in the case. *Rayfield II*, 369 S.C. at 116–17, 631 S.E.2d at 249–50. The supreme court then stated as follows:

> It is not always necessary, of course, to charge the contents of a current statute. Section 16–3–657 prevents trial or appellate courts from finding a lack of sufficient evidence to support a conviction simply because the alleged victim's testimony is not corroborated. However, § 16–3–657 does much more. In enacting this statute, the Legislature recognized that crimes involving criminal sexual conduct fall within a unique category of offenses against the person. In many cases, the only witnesses to a rape or sexual assault are the perpetrator and the victim. An investigation may or may not reveal physical or forensic evidence identifying a particular perpetrator. The Legislature has decided it is reasonable and appropriate in criminal sexual conduct cases to make abundantly clear—*not only to the judge but also to the jury*—that a defendant may be convicted solely on the basis of a victim's testimony.

*Rayfield II*, 369 S.C. at 117, 631 S.E.2d at 250 (emphasis added). The court then concluded, while a trial judge is not required to charge § 16–3–657, when the judge chooses to do so, giving the charge does not constitute reversible error when "this single instruction is not unduly emphasized and the charge as a whole comports with the law." *Id.* at 117–18, 631 S.E.2d at 250. Because the jury in that case was thoroughly instructed on the State's burden of proof and the jury's duty to find the facts and judge the credibility of witnesses, the court determined the trial judge fully and properly instructed the jury on those principles. *Id.* at 118, 631 S.E.2d at 250.

The arguments made by Orozco on appeal are the same as those raised and rejected by our courts in the *Rayfield* cases.[4]

---

4. Orozco recognizes the significance of *Rayfield II*, but focuses heavily on the dissent and its reasoning. However, the decisions of the

As in *Rayfield,* the trial court here properly charged the jury that the State had the burden of proving the defendant guilty beyond a reasonable doubt, that the jury had the duty to find the facts and determine the credibility of the witnesses, and that the jury should disregard any indication from the trial judge that he might believe a fact to be true or not. Thus, the trial court thoroughly instructed the jury on the State's burden of proof and the jury's duty to determine the facts and judge the credibility of witnesses. Further, the *only* charge given by the trial court in regard to the corroboration of the victims' testimony was that "in South Carolina the testimony of a victim need not be corroborated for prosecution in a criminal sexual conduct case." Thus, this single instruction was not unduly emphasized. Accordingly, there was no reversible error.

## CONCLUSION

Although South Carolina has yet to directly address the admissibility of evidence of a defendant's attempted suicide, given the almost unanimous decisions of courts of other jurisdictions finding such evidence to be generally admissible, our jurisprudence allowing other evidence of conduct showing consciousness of guilt, and the equating of attempted suicide evidence to that of flight in other jurisdictions, along with the circumstances justifying an inference that Orozco was aware of the sexual misconduct allegations against him such that the evidence was relevant and probative, and in light of our standard of review giving the trial court great discretion in weighing Rule 403 matters, we find no error in the admission of this evidence.

We further believe *Rayfield II* is controlling on the issue of the corroboration charge. There are no distinguishing factors that would set this case apart from *Rayfield II,* and this court

---

supreme court bind this court as precedents. S.C. Const. art. V, § 9; *see also Bain v. Self Mem'l Hosp.,* 281 S.C. 138, 141, 314 S.E.2d 603, 605 (Ct.App.1984) (holding, where the law has been recently addressed by the Supreme Court and is unmistakably clear, the Court of Appeals has no authority to change it).

does not have authority to change the law of *Rayfield II*. Accordingly, Orozco's convictions are

**AFFIRMED.**

THOMAS and PIEPER, JJ., concur.