**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Walker, Appellant.

Appellate Case No. 2012-213741

———————

Appeal From Lexington County
Howard P. King, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-419
Heard November 5, 2014 – Filed November 26, 2014

———————

**AFFIRMED**

———————

Daniel L. Blake, Blake Law Firm, PA, of Bennettsville,
and Chief Appellate Defender Robert Michael Dudek, of
Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Deputy Attorney General Tracy A. Meyers, both of
Columbia, and Solicitor Donald V. Myers, of Lexington,
all for Respondent.

———————

**PER CURIAM:** A jury convicted James Walker for two counts of committing a lewd act upon a child pursuant to former South Carolina Code section 16-15-140

(2011).[1]  On appeal, Walker argues the trial court erred in denying his directed verdict motion because the State failed to present substantial circumstantial evidence that he acted "with the intent of arousing, appealing to, or gratifying [his or their] lust or passions or sexual desires."  *Id.*; *see also State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) (stating the denial of a directed verdict motion must be affirmed if the State presented "*substantial* circumstantial evidence" of the defendant's guilt).

We find the State's evidence—including the testimony regarding (1) the inappropriate nature of the touching and kissing of the victims, (2) Walker's statements to the victims, such as "love me" and "kiss me," (3) the fact that this conduct continued to occur over a lengthy period of time, and (4) Walker's statements to police—constituted substantial circumstantial evidence from which the jury could infer Walker acted with the requisite intent.  *See State v. Nelson*, 331 S.C. 1, 10-11, 501 S.E.2d 716, 721 (1998) ("[T]here is little doubt the motivation for [sexual] offenses is, at least in part, sexual gratification."); *State v. Rogers*, 405 S.C. 554, 567, 748 S.E.2d 265, 272 (Ct. App. 2013) (stating all the evidence "presented in a case must be considered together to determine whether it is sufficient to submit to the jury"); *State v. Martin*, 403 S.C. 19, 26, 742 S.E.2d 42, 46 (Ct. App. 2013) ("[A]ny guilty act, conduct, or statements on the part of the accused are . . . evidence of consciousness of guilt." (citation omitted)); *State v. Orozco*, 392 S.C. 212, 219-20, 708 S.E.2d 227, 231 (Ct. App. 2011) (holding "evidence of a suicide attempt is probative of a defendant's consciousness of guilt").

Walker also argues the trial court used an incorrect standard in ruling on his directed verdict motion.  Because we affirm Walker's conviction based on the existence of substantial circumstantial evidence, we decline to address this argument.  *See State v. Aleksey*, 343 S.C. 20, 36, 538 S.E.2d 248, 256 (2000) (stating an appellate court may affirm a conviction for any reason appearing in the record); *State v. Hercheck*, 403 S.C. 597, 605, 743 S.E.2d 798, 802 (2013) (declining to address remaining issue on appeal when a prior issue was dispositive).

**AFFIRMED.**

---

[1] The General Assembly repealed this statute in June 2012, *see* Act No. 255, 2012 S.C. Acts 14, and replaced it with a similar statute, *see* S.C. Code Ann. § 16-3-655 (Supp. 2013).

**FEW, C.J., and SHORT and LOCKEMY, JJ., concur**.