**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Albert Brandeberry, Appellant.

Appellate Case No. 2012-212841

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2015-UP-015
Submitted November 1, 2014 – Filed January 14, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General John Benjamin Aplin, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Albert Brandeberry appeals his convictions for first-degree criminal sexual conduct with a minor and committing a lewd act upon a minor. He

argues the trial court erred by (1) admitting expert testimony regarding the general characteristics of child sexual abuse and (2) charging the jury that the victim's testimony "need not be corroborated" pursuant to section 16-3-657 of the South Carolina Code (2003). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by admitting expert testimony regarding the general characteristics of child sexual abuse: *State v. Cope*, 405 S.C. 317, 343-44, 748 S.E.2d 194, 208 (2013) (stating the admission of expert testimony lies within the sound discretion of the trial court and an appellate court "will not reverse the trial court's decision to admit or exclude expert testimony absent a prejudicial abuse of discretion"); *State v. Schumpert*, 312 S.C. 502, 506, 435 S.E.2d 859, 862 (1993) ("[B]oth expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect."); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible.").

2. As to whether the trial court erred by charging the jury that the victim's testimony "need not be corroborated" pursuant to section 16-3-657 of the South Carolina Code (2003): *State v. Wharton*, 381 S.C. 209, 213, 672 S.E.2d 786, 788 (2009) ("A trial court's decision regarding jury charges will not be reversed where the charges, as a whole, properly charged the law to be applied."); *State v. Rayfield*, 369 S.C. 106, 116, 631 S.E.2d 244, 249 (2006) (stating "it [i]s not error to charge [section] 16-3-657 as long as the charge as a whole comports with the law"); *State v. Orozco*, 392 S.C. 212, 224, 708 S.E.2d 227, 233 (Ct. App. 2011) (adhering to *Rayfield* and holding the trial court committed no reversible error in charging the jury that "'in South Carolina the testimony of a victim need not be corroborated for prosecution in a criminal sexual conduct case'").

**AFFIRMED.**[1]

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.