**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Harold Bennon Cartwright, III, Appellant.

Appellate Case No. 2013-000894

———————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-466
Heard September 17, 2015 – Filed September 30, 2015

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Susan Barber Hackett, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Deputy Attorney General David A. Spencer, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

———————————

**PER CURIAM:** Harold Cartwright appeals his convictions for nine counts of criminal sexual conduct with a minor in the first degree, two counts of criminal sexual conduct with a minor in the second degree, one count of criminal sexual conduct in the third degree, and sixteen counts of a lewd act upon a child. Cartwright argues the trial court erred in (1) admitting evidence of his suicide attempt while he was in jail awaiting trial and (2) qualifying a witness and allowing her to testify as an expert in child sexual abuse dynamics. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting evidence of Cartwright's suicide attempt: Rule 401, SCRE ("Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Orozco*, 392 S.C. 212, 218, 708 S.E.2d 227, 230 (Ct. App. 2011) ("An appellate court reviews 403 rulings, balancing whether the probative value of evidence was substantially outweighed by its prejudicial effect, pursuant to the abuse of discretion standard, and gives great deference to the trial court's decision."); *State v. Gray*, 408 S.C. 601, 609, 759 S.E.2d 160, 165 (Ct. App. 2014) ("Probative means tending to prove or disprove."); *Gray*, 408 S.C. at 610, 759 S.E.2d at 165 ("[A] court analyzing probative value considers the importance of the evidence and the significance of the issues to which the evidence relates."); *Orozco*, 392 S.C. at 219-20, 708 S.E.2d at 231 ("[E]vidence of a suicide attempt is probative of a defendant's consciousness of guilt and is generally admissible for whatever value the jury decides to give it."); *Orozco*, 392 S.C. at 220-21, 708 S.E.2d at 231-32 (finding evidence of a defendant's suicide attempt can be admissible to establish consciousness of guilt where the defendant has knowledge of the criminal charges against him and there is a nexus between the suicide attempt and the charges).

2. As to whether the trial court erred in qualifying a witness and allowing her to testify as an expert in child sexual abuse dynamics: Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. Chavis*, 412 S.C. 101, 106, 771

S.E.2d 336, 338 (2015) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's sound discretion."); *State v. Schumpert*, 312 S.C. 502, 505, 435 S.E.2d 859, 861 (1993) ("The party offering the expert has the burden of showing his witness possesses the necessary learning, skill, or practical experience to enable the witness to give opinion testimony.  Generally, however, defects in the amount and quality of education or experience go to the weight of the expert's testimony and not its admissibility."); *State v. Anderson*, Op. No. 27558 (S.C. Sup. Ct. filed Aug. 5, 2015) (Shearouse Adv. Sh. No. 30 at 44) (finding though it is an error to qualify a witness as an expert in forensic interviewing, a witness can "certainly" be qualified to testify to the behavioral characteristics of sex abuse victims); *Anderson*, Op. No. 27558 at 48, n. 8 (Toal, C.J., concurring) (indicating it is not improper bolstering for "an expert in child abuse assessment to testify regarding behavioral characteristics, such as delayed disclosure of abuse").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**