**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Nathaniel Witherspoon, Appellant.

Appellate Case No. 2013-001440

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-556
Heard October 16, 2015 – Filed December 16, 2015

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Nathaniel Witherspoon appeals his convictions of criminal sexual conduct (CSC) in the first degree and burglary in the first degree. He

contends the trial court erred by instructing the jury the victim's testimony did not have to be corroborated.  He also maintains because assault and battery in the first degree was a lesser included offense of burglary in the first degree, the trial court erred in not instructing the jury on that offense.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by instructing the jury the victim's testimony did not have to be corroborated: *State v. Gates*, 269 S.C. 557, 561, 238 S.E.2d 680, 681 (1977) (holding the trial court is required to charge the law as determined from the evidence presented at trial); *State v. Burriss*, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999) (noting if any evidence supports a charge, it should be given); *Sheppard v. State*, 357 S.C. 646, 665, 594 S.E.2d 462, 472-73 (2004) ("A jury charge is correct if it contains the correct definition of the law when read as a whole."); *State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) (holding a trial court's "refusal to give a requested charge must be both erroneous and prejudicial" to warrant reversal); *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("[J]ury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions [that] may be misleading do not constitute reversible error."); S.C. Code Ann. § 16-3-657 (2003) ("The testimony of the victim need not be corroborated in prosecutions under [sections] 16-3-652 through 16-3-658."); *State v. Rayfield*, 369 S.C. 106, 117-18, 631 S.E.2d 244, 250 (2006) ("[W]hen the [trial court] chooses to [include section 16-3-657 in its jury charge], giving the charge does not constitute reversible error when this single instruction is not unduly emphasized and the charge as a whole comports with the law.  The jury in this case was thoroughly instructed on the State's burden of proof and the jury's duty to find the facts and judge the credibility of witnesses."); *id.* at 117, 631 S.E.2d at 250 ("The Legislature has decided it is reasonable and appropriate in [CSC] cases to make abundantly clear—not only to the judge but also to the jury—that a defendant may be convicted solely on the basis of a victim's testimony."); *State v. Orozco*, 392 S.C. 212, 224, 708 S.E.2d 227, 233 (Ct. App. 2011) ("[T]he trial court here properly charged the jury that the State had the burden of proving the defendant guilty beyond a reasonable doubt, that the jury had the duty to find the facts and determine the credibility of the witnesses, and that the jury should disregard any indication from the trial judge that he might believe a fact to be true or not.  Thus, the trial court thoroughly instructed the jury on the State's burden of proof and the jury's duty to determine the facts and judge the credibility of witnesses.  Further, the *only* charge given by the trial court in regard to the corroboration of the victims' testimony was that 'in South Carolina the testimony of a victim need not be corroborated for prosecution

in a [CSC] case.'  Thus, this single instruction was not unduly emphasized.  Accordingly, there was no reversible error."); *State v. Hill*, 394 S.C. 280, 299, 715 S.E.2d 368, 379 (Ct. App. 2011) ("Here, the sole instruction the trial judge charged the jury on corroboration was as follows: 'The testimony of a victim in a [CSC] prosecution need not be corroborated by other testimony or evidence.'  Notably, the judge immediately followed that statement with, 'Necessarily you must determine the credibility of witnesses who have testified in this case.'  The judge also included in her charge several instructions regarding the State having the burden to prove [the defendant] guilty beyond a reasonable doubt, and further charged the jury that it was the exclusive judge of the facts and was not to infer that the trial judge had any opinion about the facts.  Thus, this jury was thoroughly instructed on the State's burden of proof and the jury's duty to find facts and judge credibility of witnesses, as well as admonished not to infer that the trial judge had any opinion about the facts.  Accordingly, the single instruction on 'no corroboration,' was not unduly emphasized, and the charge as a whole comported with the law, such that there was no reversible error in the 'no corroboration' charge.").

2.  As to whether the trial court erred in not instructing the jury on assault and battery in the first degree as a lesser included offense of burglary in the first degree: *State v. Watson*, 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002) ("The primary test for determining if a particular offense is a lesser included of the offense charged is the elements test."); *McKnight v. State*, 378 S.C. 33, 51, 661 S.E.2d 354, 363 (2008) ("If the lesser offense contains an element [that] is not included in the greater offense, it is not a lesser included offense of the greater offense."); *Knox v. State*, 340 S.C. 81, 85, 530 S.E.2d 887, 889 (2000) ("A lesser offense is included in the greater only if each of its elements is *always* a necessary element of the greater offense."), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *State v. Elliott*, 346 S.C. 603, 608, 552 S.E.2d 727, 730 (2001) (Pleicones, J., dissenting) (noting when determining whether a statutory offense is the lesser included offense of another statutory offense, "the determinative question is whether the offenses can meet the 'elements test'" and only when both offenses are common law offenses is "the critical issue . . . the historical relationship of the two offenses"), *overruled on other grounds by Gentry*, 363 S.C. at 106, 610 S.E.2d at 501; *State v. Hernandez*, 386 S.C. 655, 660, 690 S.E.2d 582, 585 (Ct. App. 2010) ("In determining whether the evidence requires a charge [on a lesser included offense], the trial court views the facts in a light most favorable to the defendant."); *State v. Tyndall*, 336 S.C. 8, 21, 518 S.E.2d 278, 285 (Ct. App. 1999) ("A lesser included offense instruction is required only when the evidence warrants such an instruction, and it is not error to refuse to charge the

lesser included offense unless there is evidence tending to show the defendant was guilty only of the lesser offense.").

**AFFIRMED.**

**KONDUROS and LOCKEMY, JJ., concur.**

**FEW, C.J., concurs in result only.**

**FEW, C.J., concurring:** I concur in part 2 of the majority opinion. As to part 1, I concur in result only. The majority suggests there was no error in charging section 16-3-657 of the South Carolina Code (2003) to the jury. As I read the supreme court's opinion in *State v. Rayfield*, 369 S.C. 106, 631 S.E.2d 244 (2006), it is error to charge the section to the jury, but it will almost always be harmless error. *See* 369 S.C. at 117-18, 631 S.E.2d at 250 ("[W]hen the [trial court] chooses to [charge section 16-3-657], giving the charge does not constitute *reversible* error when this single instruction is not unduly emphasized . . . ." (emphasis added)). Here, I would find the error harmless and thus not reversible. *See State v. Burkhart*, 350 S.C. 252, 261, 565 S.E.2d 298, 303 (2002) (holding that to warrant reversal, a trial court's "refusal to give a requested charge must be both erroneous and prejudicial"); *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("[J]ury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions [that] may be misleading do not constitute reversible error."); *Rayfield*, 369 S.C. at 117-18, 631 S.E.2d at 250 ("[W]hen the [trial court] chooses to [charge section 16-3-657], giving the charge does not constitute reversible error when this single instruction is not unduly emphasized . . . ."); *State v. Orozco*, 392 S.C. 212, 224, 708 S.E.2d 227, 233 (Ct. App. 2011) ("[T]he trial court thoroughly instructed the jury on the State's burden of proof and the jury's duty to determine the facts and judge the credibility of witnesses. Further, the *only* charge given by the trial court in regard to the corroboration of the victims' testimony was that 'in South Carolina the testimony of a victim need not be corroborated for prosecution in a criminal sexual conduct case.' Thus, this single instruction was not unduly emphasized. Accordingly, there was no reversible error."); *State v. Hill*, 394 S.C. 280, 299, 715 S.E.2d 368, 379 (Ct. App. 2011) ("[T]his jury was thoroughly instructed on the State's burden of proof and the jury's duty to find facts and judge credibility of witnesses, as well as admonished not to infer that the trial judge had any opinion about the facts. Accordingly, the single instruction on 'no corroboration,' was not unduly

emphasized, and the charge as a whole comported with the law, such that there was no reversible error in the 'no corroboration' charge.").