**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wendall Bernard Wilkins, Appellant.

Appellate Case No. 2014-002276

Appeal From Spartanburg County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-418
Submitted September 1, 2016 – Filed October 5, 2016

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The

admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Gray*, 408 S.C. 601, 616, 759 S.E.2d 160, 168 (Ct. App. 2014) ("Prejudice that is 'unfair' is distinguished from the legitimate impact all evidence has on the outcome of a case."); *id.* ("All evidence is meant to be prejudicial; it is only *unfair* prejudice which must be [scrutinized under Rule 403]." (alteration in original) (quoting *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998))); *State v. Orozco*, 392 S.C. 212, 218, 708 S.E.2d 227, 230 (Ct. App. 2011) ("An appellate court reviews 403 rulings, balancing whether the probative value of evidence was substantially outweighed by its prejudicial effect, pursuant to the abuse of discretion standard, and gives great deference to the trial court's decision.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.