**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stewart Jerome Middleton, Appellant.

Appellate Case No. 2017-002478

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-271
Submitted June 1, 2020 – Filed September 30, 2020

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Scarlett Anne
Wilson, of Charleston, all for Respondent.

———————

**PER CURIAM:**  Stewart Jerome Middleton appeals his conviction for
third-degree criminal sexual conduct (CSC), arguing the trial court erred in
(1) denying his motion for a directed verdict and (2) admitting Detective Rebecca

Bailey's testimony indicating Middleton failed to show up for two appointments and delayed giving a statement to the police. We affirm.[1]

1. We hold the trial court did not err in denying Middleton's motion for a directed verdict. At trial, an Embassy Suites employee testified that when he found the victim shortly after the alleged assault occurred, she was "definitely not sober," was unable to walk to his office without assistance, was unable to speak to the 911 operator, and had difficulty holding a conversation. The victim's coworker testified that at approximately 9:00 p.m. on the night of the alleged assault, the victim was stumbling and repeatedly fell onto the floor as he helped her back to her hotel room. The coworker also testified that Middleton followed him uninvited into the victim's hotel room when he returned to check on the victim. Another hotel employee testified that at 10:25 p.m., he issued a key for the victim's hotel room to a man who claimed to be the victim's boyfriend. The police officer who responded to the 911 call testified that when he arrived at the hotel at approximately 11:38 p.m., the victim smelled of alcohol, was slurring her speech, and was stumbling. An emergency room nurse testified the victim arrived at the hospital at 12:35 a.m. and the victim's blood alcohol content at 3:38 a.m. was .264, or nearly "toxic." Finally, Middleton asserted that shortly before the alleged assault, the victim locked herself out of her hotel room while wearing only a towel and she was crying and fell onto the floor immediately before Middleton claimed he and the victim had sex. When viewed in the light most favorable to the State, we find the evidence presented was substantial circumstantial evidence reasonably tending to prove Middleton was guilty of third-degree CSC. Accordingly, the trial court did not err in denying Middleton's motion for a directed verdict. *See State v. Harry*, 420 S.C. 290, 298, 803 S.E.2d 272, 276 (2017) ("In reviewing the denial of a motion for a directed verdict, [the appellate court] must view the evidence in a light most favorable to the State."); *State v. Cherry*, 361 S.C. 588, 593-94, 606 S.E.2d 475, 478 (2004) ("If there is . . . substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-3-654(1)(b) (2015) ("A person is guilty of [third-degree CSC] if the actor engages in sexual battery with the victim and . . . [t]he actor knows or has reason to know that the victim is . . . mentally incapacitated[] or physically helpless . . . ."); S.C. Code Ann. § 16-3-651(h) (2015) (stating "sexual battery" is "sexual intercourse or . . . any intrusion . . . of any part of a person's body or of any object into the genital or anal openings of another person's body"); S.C. Code Ann. § 16-3-651(f) (2015) (stating a person is "mentally incapacitated" if the person is "temporarily incapable of

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

appraising or controlling his or her conduct"); S.C. Code Ann. § 16-3-651(g) (2015) (stating a person is "physically helpless" if the person is "unconscious, asleep, or for any reason physically unable to communicate unwillingness to an act").

2.  We hold the trial court did not err in admitting Detective Rebecca Bailey's testimony that Middleton failed to show up for two appointments for an interview and delayed giving a statement to the police because the testimony was evidence of evasive conduct that was relevant to show Middleton's consciousness of guilt. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. . . .  An abuse of discretion occurs when the conclusions of the trial court either lack[ed] evidentiary support or [were] controlled by an error of law."); Rule 401, SCRE (stating evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence"); *State v. Martin*, 403 S.C. 19, 26, 742 S.E.2d 42, 46 (Ct. App. 2013) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of [the accused's] consciousness of guilt." (quoting *State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976))); *id.* at 28, 742 S.E.2d at 47 (recognizing evidence of evasive conduct may be admissible to show a defendant's consciousness of guilt). Additionally, we find the evidence presented at trial justified an inference of a nexus between the evasive conduct and the charge, including (1) Detective Bailey telling Middleton that "she wanted him to come in to take [his] statement," (2) Detective Bailey offering to accommodate Middleton's schedule by meeting "whatever day, whatever time" was best for him, (3) Middleton missing two appointments without explanation and failing to reschedule, and (4) Middleton stating at the beginning of his interview with Detective Bailey that he "kn[e]w what [the meeting] was about" and asking if the the victim had filed a police report.  Accordingly, the trial court did not err in admitting Detective Bailey's testimony. *See Martin*, 403 S.C. at 27, 742 S.E.2d at 46 (stating evidence of evasive conduct is admissible if the "circumstances justify an inference that the accused's actions were motivated as a result of his belief that police officers were aware of his wrongdoing and were seeking him for that purpose" (quoting *State v. Orozco*, 392 S.C. 212, 220, 708 S.E.2d 227, 231 (Ct. App. 2011), *overruled on other grounds by State v. Stukes*, 416 S.C. 493, 787 S.E.2d 480 (2016), *abrogated on other grounds by State v. Cartwright*, 425 S.C. 81, 819 S.E.2d 756 (2018))); *id.* (providing there must be a nexus between the evasive conduct in question and the offense charged).

**AFFIRMED.**

**HUFF, THOMAS, and MCDONALD, JJ., concur.**